UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| JOSHUA BEDARD, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:20-cv-161 |
| COREY LEBLANC, | ) |
| Defendant. | ) |

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 JUL 23 AM 10: 04

CLERK
BY_____
DEPUTY CLERK

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**(Docs. 60, 76)**

The Report and Recommendation of the United States Magistrate Judge was filed on April 15, 2024. (Doc. 76.) After review of the file and the Magistrate Judge's Report and Recommendation—no objections having been filed by any party—the court ADOPTS the recommendations for the reasons stated in the Report. Accordingly, Defendant's Motion for Summary Judgment (Doc. 60) is GRANTED.

The court is authorized to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court granted Plaintiff's May 2024 motion for more time to respond to the Report and Recommendation ("R&R"), extending the deadline to July 1, 2024. (Doc. 78.) That deadline has passed, and Plaintiff has filed no objections to the R&R. The court has therefore reviewed the R&R for clear error. *See* Fed. R. Civ. P. 72(b) advisory committee's 1983 note; *Brown v. Peters*, No. 95CV1641, 1997 WL 599355, at *2 (N.D.N.Y. Sept. 22, 1997) (collecting cases).

No clear error appears in the R&R. The Report accurately recites the relevant procedural history and the material facts developed on summary judgment, including the allegations in Plaintiff's Verified Amended Complaint regarding Defendant's actions removing Plaintiff from

medication-assisted treatment (MAT) while Plaintiff was a pretrial detainee at Southern State Correctional Facility (SSCF). The Report also carefully evaluates Plaintiff's claims under the applicable standards.

The court finds no clear error in the recommendation to grant summary judgment to the defense on Plaintiff's claims arising out of his withdrawal symptoms after the termination of the MAT medication. The evidence shows that Defendant discontinued the MAT medication after determining that Plaintiff did not have a history of opiate use disorder and that continued use of Suboxone was inappropriate. The evidence also indicates that, while Defendant might have been aware that discontinuing the Suboxone would result in withdrawal symptoms, the medication was tapered off over time, and Defendant was not actually aware of Plaintiff's withdrawal symptoms and did not receive any notice of the grievances or sick-call slips that Plaintiff filed related to those symptoms. The R&R properly concludes that Plaintiff cannot prove the subjective element of his deliberate-indifference claim.

The court also finds no clear error in the recommendation to grant summary judgment to the defense on Plaintiff's claim that terminating his MAT medication was retaliation for filing an action in Vermont Superior Court. The R&R properly takes judicial notice of the state-court action's February 18, 2020 filing date to conclude that the January 15, 2020 termination of the MAT medication could not have been in retaliation for filing that lawsuit. The R&R also correctly concludes that Plaintiff failed to offer any evidence that Defendant knew of the state-court action when he took Plaintiff off the MAT medication. Alternatively, the R&R finds that even if Defendant somehow knew of the state-court action, Plaintiff failed to present any evidence that the state-court lawsuit played any "substantial part" in the decision to terminate the medication. (Doc. 76 at 25.) The court finds no clear error on any of these points.

For the above reasons, the court ADOPTS the R&R (Doc. 76). The court therefore GRANTS Defendant's Motion for Summary Judgment (Doc. 60).[1]

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 23rd day of July, 2024.

Geoffrey W. Crawford, Judge
United States District Court

---

[1] The R&R also recommends dismissal of the Verified Amended Complaint. (Doc. 76 at 2, 25.) "Dismissal" of the action or the pleading is unnecessary because Defendant is entitled to judgment under Fed. R. Civ. P. 56. *See* Bradley Scott Shannon, *A Summary Judgment is Not A Dismissal!*, 56 Drake L. Rev. 1, 2 (2007) ("[W]hen a motion for summary judgment is granted—even a motion granted in favor of a defendant—nothing is dismissed."); *see also Beldock v. VWSD, LLC*, 2023 VT 35, ¶ 19 n.6, 307 A.3d 209 (similar).